NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TARAHAAN MALLARD,           :
                                         Civil Action No. 11-3442 (PGS)
              Petitioner,   :

         v.                 :   OPINION

GREG BARTKOWSKI, et al.,    :

              Respondents.  :

APPEARANCES:

Petitioner pro se
Tairahaan Mallard
New Jersey State Prison
Trenton, NJ 08625

**SHERIDAN**, District Judge

   Petitioner Tairahaan Mallard, a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The respondents are administrator Greg Bartkowski and the Attorney General of New Jersey.

---

[1] Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Notice has been given pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), and Petitioner has filed an Amended Petition [5]. Because it appears from a review of the Amended Petition that the Petition and Amended Petition are untimely, this Court will order Petitioner to show cause why the Petition should not be dismissed with prejudice as untimely.

## I. BACKGROUND

Except as otherwise noted, the following background facts are taken from the Amended Petition and are accepted as true for purposes of this Opinion and the accompanying Order.[2]

Petitioner alleges that he was convicted in the Superior Court of New Jersey, Law Division, Essex County, of first-degree murder and related offenses on May 31, 2002. He asserts that he was sentenced to a 35-year term of imprisonment.

---

[2] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

In addition, this Court will take judicial notice of the dockets and opinions of other courts in cases related to this Petition. See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

On direct appeal, Petitioner asserted (1) that the trial court erred in admitting evidence of an impermissibly suggestive out-of-court identification, (2) that the trial court improperly failed to instruct he jury to apply special scrutiny to the testimony of witness Crystal Carter, and (3) that witness Crystal Carter's testimony, that she had obtained information from other people that Petitioner was the shooter, violated Petitioner's Sixth Amendment right to confront the witnesses against him, depriving him of a fair trial. Petitioner's conviction was affirmed by the Superior Court of New Jersey, Appellate Division, on June 18, 2004. On April 8, 2005, the Supreme Court of New Jersey denied certification. State v. Mallard, 183 N.J. 256 (2005). It does not appear that Petitioner sought a writ of certiorari from the United States Supreme Court.

On October 16, 2007, Petitioner filed his state petition for post-conviction relief. See State v. Mallard, 2010 WL 5348798, *3 (N.J.Super. App.Div. Nov. 3, 2010). Petitioner asserted the following claims for relief: (1) ineffective assistance of trial counsel for eliciting from witness Crystal Carter testimony about her investigation, (2) undue prejudice in forcing Petitioner to show the jury his tattoo, (3) the jury instruction regarding identification testimony was faulty, (4) introduction of hearsay testimony regarding physical characteristics of another suspect violated Petitioner's right of confrontation, (5) the burden of

proof was improperly altered by the state's insistence that Petitioner produce alibi evidence, (6) cumulative error rendered the trial unfair, (7) the sentence was improper. The trial court denied relief. The Appellate Division affirmed, see State v. Mallard, 2010 WL 5348798 (N.J.Super. App.Div. Nov. 3, 2010), and the Supreme Court of New Jersey denied certification on April 14, 2011, see State v. Mallard, 205 N.J. 520 (2011).

This Petition followed. The cover letter to the initial Petition is dated May 27, 2011.[3] The Amended Petition was received on September 22, 2011.

In the Amended Petition, Petitioner asserts the following grounds for relief: (1) the trial court improperly admitted the impermissibly suggestive out-of-court identification by Jermeese Allison and the resulting in-court identification, (2) the trial court deprived Petitioner of a fair trial by failing to instruct

---

[3] "[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)). Here, the Petition was returned to Petitioner, by the prison mailroom, for insurance, and was re-mailed on June 7, 2011. For purposes of this Opinion and the accompanying Order, this Court will treat the Petition as having been filed on May 27, 2011, without specifically deciding whether a later "filing" date would be correct.

Any amended petition for writ of habeas corpus must meet the requirements of Fed.R.Civ.P. 15 in order to relate back to the time of the original filing. Again, for purposes of this Opinion and the accompanying Order, this Court will treat the Amended Petition as relating back to May 27, 2011, without specifically deciding whether a later date would be correct.

the jury to apply special scrutiny to the testimony of witness Crystal Carter, (3) Petitioner was deprived of his Sixth Amendment right of confrontation when the trial court permitted witness Crystal Carter to testify regarding information she obtained from other people that Petitioner was the shooter, (4) ineffective assistance of trial counsel, in eliciting from witness Crystal Carter testimony regarding information she obtained from other people that Petitioner was the shooter, (5) Petitioner was deprived of a fair trial by the requirement that he show the jury his tattoos, (6) the jury instruction on identification was faulty, (7) ineffective assistance of appellate counsel, for failure to raise challenges to Crystal Carter's out-of-court identification and hearsay testimony, and (8) ineffective assistance of trial counsel for failure to challenge requirement that Petitioner show the jury his tattoos and for failure to obtain an adequate jury instruction regarding the tattoos.

It appears that this Petition is untimely and will order Petitioner to show cause why the Petition should not be dismissed with prejudice.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith

> award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). See also Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition ... ." (emphasis added)).

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. at 856. A petition must "specify all the grounds for relief" and must set forth "facts supporting each ground." See Rule 2(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Nevertheless, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir.

1969), cert. denied, 399 U.S. 912 (1970). Moreover, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

### III. ANALYSIS

District Courts are permitted to consider, sua sponte, the timeliness of a prisoner's habeas petition, but must afford the parties notice and an opportunity to be heard before acting on their own initiative to dismiss a petition as untimely. See Day v. McDonough, 547 U.S. 198 (2006); U.S. v. Bendolph, 409 F.3d 155 (3d Cir. 2005). It appears that this Petition is untimely.

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[4] which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,

---

[4] The limitations period is applied on a claim-by-claim basis. See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002).

7

> if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

The only subsection applicable to Petitioner's claims is subsection (a)(1)(A). Thus, evaluation of the timeliness of this § 2254 Petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13. A state court's grant of leave to file an out-of-time direct appeal resets the date when the

conviction becomes final under § 2244(d)(1). <u>Jimenez v. Quartermain</u>, 129 S.Ct. 681 (2009).

Here, the Supreme Court of New Jersey denied certification on April 8, 2005; thus, the judgment became final ninety days later, on July 7, 2005. Petitioner's state petition for post-conviction relief was filed more than two years later, on October 16, 2007.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record. And an application is "<u>properly</u> filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims <u>contained in the application</u> are meritorious and free of procedural bar.

<u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of

9

conviction or that they could have been raised on direct appeal but were not).

Where a state court has rejected a petition for post-conviction relief as untimely, however, it was not "properly filed" and the petitioner is not entitled to statutory tolling under § 2244(d)(2). Pace v. Diguglielmo, 544 U.S. 408 (2005). This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely. Carey v. Saffold, 536 U.S. 214, 225-26 (2002).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) also is subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted). Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533

U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Finally, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

Here, Petitioner's state petition for post-conviction relief was filed *after* the expiration of the one-year federal limitations period. Petitioner has alleged no facts that would suggest a basis for either statutory or equitable tolling. The filing of a state motion for post-conviction relief *after* the expiration of the limitations period cannot act to toll or resurrect a limitations period that has already expired, as occurred here. Accordingly, this Petition appears untimely under § 2244(d)(1)(A).

The Court will grant Petitioner leave to show cause why the Petition should not be dismissed as untimely.

## IV. CONCLUSION

For the reasons set forth above, Petitioner will be ordered to show cause why the Petition should not be dismissed as untimely. Failure to respond or demonstrate the timeliness of the Petition will result in the Petition's dismissal for the reasons stated herein. An appropriate order follows.

_____
Peter G. Sheridan
United States District Judge

Dated: 10-18-11